LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7369 GAF (PJWx) | Date | October 24, 2013 |
|---|---|---|---|
| Title | Patient One, et al. v. UnitedHealth Group, Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**        (In Chambers)

### ORDER TO SHOW CAUSE RE: JOINDER OF PARTIES

        Plaintiffs Patient One and Patient Two bring this suit against various Defendants asserting causes of action under ERISA for failure to process medical expenses in accordance with the terms of their health insurance plans.  (Docket No. 1, [Compl.].)  Both Plaintiffs bring their claim following successful surgeries, which they allege ought to have been covered by their health insurance plan.  (Id. ¶¶ 25–54, 55–80.)  Both Patient One and Patient Two had lap-band surgeries, which aid in weight loss, and both Patient One and Patient Two were informed that such a surgery would be covered by their health plans.  (Id. ¶¶ 31, 63.)  In both instances, Defendants UnitedHealth Group, Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, Inc., and Ingenix, Inc., were the parties allegedly responsible for approval and payment of Plaintiffs' medical costs.  (Id. ¶¶ 18, 31, 63.)

        But although Plaintiffs' experiences at this level of abstraction are similar, their claims arise out of different events and different individual health plans.  Each of them underwent her own, separate surgery and claims filing process.  (Id. ¶¶ 39–40, 64, 67–69.)  Patient One has health insurance through a "plan provided by her husband's employer," Defendant BNSF Railway Company,  (id. ¶ 25),  while Patient Two has health insurance through a different "plan provided by her former employer," Pacific Bell Telephone Company, (id. ¶ 55).

        The Court therefore concludes that Plaintiffs may be improperly joined in a single complaint.  Rule 20 of the Federal Rules of Civil Procedure provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and** (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed R. Civ. P. 20(a)(1) (emphasis added).

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7369 GAF (PJWx) | Date | October 24, 2013 |
|---|---|---|---|
| Title | Patient One, et al. v. UnitedHealth Group, Inc., et al. | | |

    Here, while the allegations indicate that each Plaintiff may have been damaged through similar alleged conduct, the Complaint does not indicate that the right to relief "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences."  Rather, it appears that the Court will be required, under a single caption, to adjudicate multiple individual lawsuits and that no judicial economy will be achieved.

    Accordingly, Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed without prejudice to allow each Plaintiff—Patient One in one case, and Patient Two in another—to bring her own lawsuit against Defendants.  A memorandum explaining why joinder is permissible in this suit shall be deemed an adequate response to this order.  Plaintiffs shall file their response, not to exceed four pages, on or before **Friday, November 8, 2013. Failure to respond to this Order will be deemed consent to dismissal without prejudice.**

    **IT IS SO ORDERED.**