FILED
CLERK, U.S. DISTRICT COURT
MAR 11 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PATIENT ONE, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED HEALTHGROUP, INC., a Minnesota corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; UNITED HEALTHCARE INSURANCE COMPANY, INC., a Connecticut corporation; INGENIX, INC., a Delaware corporation; BNSF RAILWAY COMPANY, a California corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. CV 13-7369 FMO (PJWx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>*This protective order does not authorize the parties to file documents under seal. Under seal filings are governed by Local Rule 79-5.* |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In particular, certain documents may be requested or produced that contain (a) confidential Protected Health Information (defined below) entitled to protection from disclosure under federal and California law, including without

limitation the Health Insurance Portability and Accountability Act of 1996—as set forth in 45 C.F.R. Parts 160, 162, and 164—and the California Confidentiality of Medical Information Act—as set forth in California Civil Code Section 56, et seq.; or (b) other confidential, proprietary, competitive, or private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting or defending this action) would be warranted.

The Parties to this action desire to protect the confidentiality of the information described above as well as the confidentiality of any other proprietary information, confidential business information, information that must be protected from disclosure for business or competitive purposes and/or information in which a party, its employees, third parties or their employees have a privacy interest that may be requested and produced in this action. Protecting such confidential information from disclosure is in the public interest.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Local Rules of this Court set forth procedures that must be followed when a Party seeks permission from the Court to file materials under seal.

**2.   DEFINITIONS**

2.1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.   "CONFIDENTIAL" <u>Information</u>: Discovery Material that contains (a) Protected Health Information; (b) trade secrets, confidential business, employment, financial, competitive, or proprietary information, information that for business or

competitive purposes must be protected from disclosure, and/or information in which a Party, its employees, Non-Parties, or their employees have a privacy interest; or (c) information subject to protection from disclosure, or limitation upon disclosure, under any other applicable law.

2.3. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4. <u>Designating Party</u>: a Party or Non-Party that designates Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5. <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. "Expert" also includes the Expert's secretarial, technical, and clerical employees who are actively assisting the Expert in this action.

2.7. <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11. <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. <u>Protected Health Information</u>: "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

2.14. <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL."

2.15. <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.16. <u>Requesting Party</u>: a Party that has propounded a discovery request seeking Discovery Material.

2.17. <u>Responding Party</u>: a Party that has been served with a discovery request from a Requesting Party.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1.   The Producing Party may designate Discovery Material as "CONFIDENTIAL" by stamping each page containing such information with the word "CONFIDENTIAL," or as otherwise provided in Paragraph 5.3, below. Unless otherwise agreed to by the Producing Party, any information so designated may be disclosed only to individuals identified in Paragraph 7.2, below.

5.2.   To the extent that it is necessary to file any Protected Material with the Court, the filing party shall apply for a Court Order sealing the materials, as provided in Local Rule 79-5.1. If the Court declines to issue such an order, the Parties will

redact any Protected Material that is required to be kept confidential by law before filing such material with the Court, unless explicitly ordered by the Court to publicly disclose such information.

     5.3.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

     (a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, or within 21 days of receipt of the transcript, all protected testimony and specify the level of protection being asserted. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14 day period following receipt of the transcript.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

To the extent any testimony or documents used therein contain Protected Material, the necessary actions shall be taken to protect Protected Material from being disclosed to individuals who do not have a right to view such Protected Material.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5. The Parties further intend that any and all Protected Health Information produced in this action shall be automatically deemed "CONFIDENTIAL"

Information and governed by this Order, even if not separately designated as such by the Producing Party.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) unless prohibited by a Court Order, or specifically prohibited by a statute or regulation cited to the producing party by the requesting party, promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) when applicable, as set forth in ¶ (a), cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or as otherwise required by law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Responding Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Responding Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Responding Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Responding Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Responding Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Producing Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) If a Producing Party discovers that it has inadvertently produced Discovery Material subject to a claim of privilege, the Producing Party must promptly notify the Receiving Party.

(b) If a Receiving Party receives Discovery Material that obviously appears to be subject to the attorney-client privilege, attorney work product doctrine, or otherwise clearly appears to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party should refrain from examining the materials any more than is essential to ascertain if the materials are privileged or confidential, and shall immediately notify

the Producing Party that the Receiving Party possesses material that appears to be privileged or confidential.

(c) Upon the occurrence of the circumstances described in (a) or (b) above, the Receiving Party must promptly sequester the specified information and any copies it has; must not further review, use, or disclose the information until the claim of privilege or confidentiality is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before the occurrence of (a) or (b) above. The Parties must promptly meet and confer concerning the claim of privilege or confidentiality and the disposition of the inadvertently produced Discovery Material. If unable to come to agreement, the Parties may seek guidance from the Court as to the disposition of the inadvertently produced Discovery Material. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 12. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Local Rules of this Court. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

[struck through with large X; initialed "PJW"]

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section 13, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

DATED: 3/11/15

*Patrick J. Walsh*
Patrick J. Walsh
United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Patient One v. UnitedHealth Group, Inc., et al.*, Case No. CV13-07369 FMO (PJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
     [printed name]

Signature: _____
     [signature]

**PROOF OF SERVICE**

STATE OF CALIFORNIA  ) ss
COUNTY OF ORANGE  )

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 101 Enterprise, Suite 350, Aliso Viejo, CA 92656.

On March 5, 2015, I served the foregoing document(s) described as

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

on all interested parties in this action as follows (or as on the attached service list):

| | |
|---|---|
| DARON L. TOOCH<br>KATHERINE M. DRU<br>ERIC D. CHAN<br>**HOOPER, LUNDY & BOOKMAN, P.C.**<br>1875 Century Park East, Suite 1600<br>Los Angeles, California 90067-2517 | E-Mail:<br>dtooch@health-law.com<br>kdru@health-law.com<br>echan@health-law.com |

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 5, 2015, at Aliso Viejo, California.

/s/ Kim Sullivan
Kim Sullivan